## BOX ET AL., ADM'RS, *vs.* DELK.

[PROCEEDING IN PROBATE COURT TO SUBSTITUTE LOST RECORDS, &C., UNDER SECTION 652 OF REVISED CODE.]

1. *Lost records ; what not proof sufficient to authorize substitution of.*—An application to substitute lost records, under § 652 of the Revised Code, can not be sustained by proof that the judge failed to make the proper entries and decrees ; nor will it sustain a decree to complete the minute entries and decrees in a cause, rendered under § 796 of the Revised Code.

2. *Register in chancery ; when authorized to act in place of probate judge.* The register in chancery is authorized to act in the place of the probate judge, disqualified by § 635 of the Revised Code, on an application to substitute lost records, or to complete the minute entries and

47

decrees, in a cause which he might have heard originally under § 2302 of the Revised Code.

APPEAL from Probate Court of DeKalb.

Heard before SOL. C. CLAYTON, Esq., Register in Chancery, sitting in place of the Probate Judge.

WALKER & MURPHEY, for appellant.—The register's jurisdiction, when the probate judge is disqualified, extends only to an executorship, an administratorship, or a guardianship.—Rev. Code, § 2302. This is not one of the cases in which the register can act as probate judge. If there is a *casus omisus*, it is for the legislature, not the courts, to remedy it.

The want of jurisdiction is available · on error.—29 Ala. 141; 27 Ala. 362; 19 Ala. 171; 20 Ala. 387; 23 Ala. 155.

The evidence was utterly insufficient to authorize an amendment *nunc pro tunc*. The testimony shows a case not of lost records, but goes mainly to show that many of the entries sought to be substituted had never been made at all; and that no record entries or *memoranda* existed which would authorize an amendment *nunc pro tunc* as to these. No search was made to find the entries which it was proved had been made.—See Shepherd's Dig. p. 396; 19 Ala. 619.

JAMES AIKEN, *contra.*—(No brief on file.)

B. F. SAFFOLD, J.—The appeal is taken from a decree of the probate court to complete the minute entries and decrees in the matter of the sale of the land belonging to the estate of Jeremiah Holcombe. The probate judge being incompetent under section 635 of the Revised Code, the application was heard before the register in chancery. The application on which the decree was rendered was made by the appellee, who was the purchaser. He alleged only that the papers and records in the cause were lost or destroyed, and he asked that others might be substituted. The proof shows very clearly that none of the records had been lost or destroyed; and while it establishes the exist-

Box et al., Adm'rs, v. Delk.

ence of some of the papers described, it stops short of showing their loss or destruction. While they seem to be missing, no witness states that they have been diligently searched for in the places where they would most likely be found.

The evidence tends very strongly to show that the probate judge omitted to make the necessary entries and decrees at the time they should have been made, and the decree appealed from was rendered under that conviction. We do not think an application to substitute lost records, under section 652 of the Revised Code, will sustain a decree rendered under section 796 to complete the minute entries and decrees. There is a fatal variance between the allegations and the proof.

We decide that the register in chancery is authorized by section 2302 of the Revised Code to act in the place of the probate judge in such a case as this. He would have had jurisdiction to hear and determine the original cause, and we think the spirit of the law embraces this as well.

The decree is reversed and the cause remanded.

[NOTE BY REPORTER.—The opinion in this case was delivered at the June term, 1871. The record did not come into the hands of the Reporter in time to be included in the 46th volume of Reports.]